Robert Hendershot
452 Travertine Way
Santaquin, UT 85466
roberthendershot@vivaldi.net
Plaintiff, In Pro Per

RECEIVED US Dist Court-UT
FEB 21 '20 PM03:46

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

**ROBERT HENDERSHOT**, an individual,

**Plaintiff,**

vs.

**GURSTEL LAW FIRM, P.C.** a corporation, **CHADD A. JOHNSON**, an individual, and DOES 1 – 10, *et al*

**Defendant(s).**

Case: 2:20-cv-00118
Assigned To : Warner, Paul M.
Assign. Date : 2/21/2020
Description: Hendershot v. Gurstel Law Firm et al

**COMPLAINT**

**AFFIDAVIT**

**JURY TRIAL DEMANDED**

Plaintiff, ROBERT HENDERSHOT, (hereinafter "Plaintiff"), brings his complaint against GURSTEL LAW FIRM, P.C. (or, "Gurstel"), CHADD A. JOHNSON (or, "Johnson"), (or collectively, "Defendants"), for violations of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and alleges as follows:

## JUDICIAL NOTICE

Plaintiff is not a lawyer and his pleadings cannot be treated as such. In fact, according to *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint, however inartfully pleaded, must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the Petitioner can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting *Conley v. Gibson*, 355 U:S. 41,45-46 (1957). "[A] pro se petitioner's pleadings should be liberally construed to do substantial justice." *United States v. Garth*, 188 F. 3d 99, 108 (3dCir. 1999).

## PRELIMINARY STATEMENT FDCPA

1. The FDCPA regulates the behavior of debt collectors and collection agencies attempting to collect a debt on behalf of another. The United States Congress has found an abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state

action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking and the credulous." *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

3. The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. See <u>McCollough v. Johnson, Rodenburg & Lauinger, LLC</u>, 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. See *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to bring suit under this statute. See <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008)(noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

4. The FDCPA was enacted to protect consumers from abusive and deceptive debt collection practices, and to ensure that non-abusive debt collectors would not be competitively disadvantaged. 15 U.S.C. § 1692(e). To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a "consumer" as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector" as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA. In evaluating alleged violations of the Act, the Fourth Circuit generally applies the objective "least sophisticated consumer" standard. <u>U.S. v. National Fin. Servs., Inc.</u>, 98 F.3d 131, 135-36 (4th Cir. 1996). In adopting this standard, the Fourth Circuit stated:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law ... While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

5. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, both generally and specifically provides an exhaustive list of certain per se violations of harassing and abusive conduct and outlaws the use of false,

deceptive and misleading representations or means in connection with the collection of any debt. Defendants acts and conduct violate the FDCPA.

6. Defendants acts are damaging Plaintiff's personal and commercial reputation and credibility, and portraying Plaintiff to be a disreputable person in the community.

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

8. All conditions precedent to the bringing of this action have been performed.

9. Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and 15 U.S.C. §1692, as Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

## CIVIL LIABILITY-RIGHT OF REMEDY

10. 15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "...any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

/ / /

## PARTIES

11. Plaintiff Robert Hendershot, a natural person, is an adult individual who resides in Utah County, in the State of Utah.

12. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3), and is a "person" as defined by 15 U.S.C. § 1681a(b).

13. Plaintiff is informed and believes, and thereon alleges that Defendant GURSTEL LAW FIRM, P.C., is a Corporation, and regularly conducts business in the state of Utah, with a principal office located at 6881 Country Club Drive, Golden Valley, MN, 55427, and a local business office located at 1275 E. Fort Union Blvd Suite 116, Cottonwood Heights, UT 84047.

14. Plaintiff is informed and believes, and thereon alleges that Defendant CHADD A. JOHNSON, is an individual, and regularly conducts business from GURSTEL LAW FIRM, P.C.'s business office located at 1275 E. Fort Union Blvd Suite 116, Cottonwood Heights, UT 84047.

15. Defendants are debt collectors as described at 15 U.S.C. §1692a(6), who, at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff by use of mail, as defined by 15 U.S.C. §1692a(5).

16. The Defendants regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

Page 6 of 13
COMPLAINT

17. Wherever this complaint alleges that GURSTEL LAW FIRM, P.C., did any act or thing, it is meant that it, its directors, officers, agents, employees, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under direct control of Defendant GURSTEL LAW FIRM, P.C..

18. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified in concert by the Defendants.

## FACTUAL ALLEGATIONS

19. in or about June, 2019, Plaintiff allegedly incurred financial obligations to the original creditor, American Express National Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt".

20. On or about August 15, 2019, Plaintiff received a monthly billing statement from American Express. Plaintiff became increasingly concerned that the proposed account information and balance was incorrect.

21. Therefore, beginning on or about September 2, 2019 through December 27, 2019, Plaintiff sent four Notice(s) of Dispute to the offices of

American Express National Bank, which included a demand for validation, see **Exhibit A**.

22. Following delivery of each of Plaintiff's Notice(s) of Dispute, Plaintiff regularly received correspondence from a[n] [alleged] representative of American Express. However, the parties remain in opposition as to the accuracy and balance alleged due on the monthly billing statements.

23. On or about November 16, 2019, Plaintiff received a dunning letter dated November 14, 2019, from Brad J. Clark of Gurstel Law Firm, P.C., alleging Gurstel has been retained to represent American Express in collecting the [alleged] balance owed on the subject account.

24. Plaintiff continued to correspond with American Express, however, none of the correspondence received from American Express ever implied or otherwise expressed American Express had retained or obtained Gurstel, Johnson, or any other counsel to pursue collection of the alleged debt.

25. On or about January 5, 2020, Defendants Gurstel and Johnson caused to be filed in the Fourth Judicial District Court of Utah County, State of Utah, American Fork Department, a Complaint (or, "state action"), which includes, false deceptive or misleading representation or means in connection with the collection of a[n] [alleged] debt, see **Exhibit B**.

26. Said complaint includes a false, deceptive, or misleading representation or means in connection with the collection of a debt, whereby Defendants Gurstel and Johnson state in a public forum or venue:

> "The defendant applied for credit from plaintiff, and plaintiff accepted defendant's application and issued its credit, with account number ending in ****-61009."

and,

> "Said invoices and/or statements of account were received by defendant, accepted and retained without objection being made to any item thereof within a reasonable period of time.".

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A)

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

28. Defendants Gurstel and Johnson, is using false, deceptive, or misleading representation or means in connection with the collection of an alleged debt.

29. Defendants' failure to properly validate the alleged debt as claimed by American Express prior to filing a state action demonstrates Defendants have no legal basis for filing a complaint against Plaintiff. As such, Defendants are misrepresenting the true character, amount or legal status of a debt contrary to 15 U.S.C. § 1692e(2)(A), which states in part:

> **§ 807. False or misleading representations**
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application*

> *of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt;*

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10)

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

31. Plaintiff did in fact dispute the alleged debt and demanded validation as described at ¶¶ 20 – 24, and in evidence as Exhibit A.

32. Defendants are attempting to use a false, deceptive or misleading representation while attempting to collect a debt as described at ¶¶ 25, 26, and in evidence as Exhibit B.

33. Defendants are attempting to use false representations or deceptive means to collect, or attempt to collect an alleged debt contrary to 15 U.S.C. § 1692e(10) which states in part:

> **§ 807. False or misleading representations**
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

# COUNT III
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5)

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

35. Defendants conduct is contrary to 15 U.S.C. § 1692e(5) by the taking of any action that cannot legally be taken or is not intended to be taken, while absent validation of a debt alleged to be owed another, contrary to 15 U.S.C. § 1692e(5) states in part:

> **§ 807. False or misleading representations**
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

36. As a consequence of such violations, Plaintiff requests the maximum statutory damages, in addition to any other relief resulting from damages caused by Defendants' negligence, including emotional distress, defamation of Plaintiff's character, and damaging Plaintiff's reputation in the community.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests for relief and judgment against Defendants as follows:

1. For statutory damages pursuant to 15 U.S.C. § 1692k.

2. For punitive damages that would include any adverse ruling in state court.

3. For Plaintiff's costs in this action.

4. For reasonable attorney's fees incurred herein.

5. For any other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial. Respectfully submitted

Dated this 20th day of Feb, 2020

By: _____
ROBERT HENDERSHOT
Plaintiff, *In Pro Per*
without pejudice

## AFFIDAVIT

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, AFFIDAVIT, JURY TRIAL DEMAND.

If called upon, I can testify to the firsthand knowledge of the facts herein.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I declare under the penalty of perjury of the Laws of Utah, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this affidavit is executed in Utah County, State of Utah, and is dated this 20 day of February, 2020.

By: /s/ Rbt Hnt

ROBERT HENDERSHOT
Plaintiff, *Pro Per*
*without prejudice*

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 20 day of FEB, 2020.

/s/ Aurora Hemming
Notary

My commission expires: 07/12/2023          seal

AURORA HEMMING
Notary Public, State of Utah
Commission #707208
My Commission Expires
07/12/2023

Page 13 of 13
COMPLAINT