UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT HENDERSHOT,<br><br>Plaintiff,<br><br>v.<br><br>GURSTEL LAW FIRM, P.C., a corporation; CHADD A. JOHNSON, an individual; and DOES 1-10,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT AMENDED MOTION TO DISMISS (DOC. NO. 9)**<br><br>Case No. 2:20-cv-00118-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Robert Hendershot brought this action against Defendants Gurstel Law Firm, P.C. and Chadd A. Johnson (collectively, the "Gurstel Defendants"), alleging violations of the Fair Debt Collection Practices Act (FDCPA). (Compl., Doc. No. 1.) The Gurstel Defendants moved to dismiss Mr. Hendershot's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Am. Mot. to Dismiss ("Mot."), Doc. No. 9.) Having reviewed the parties' written briefs[1] and Mr. Hendershot's Complaint, the undersigned[2] RECOMMENDS the district judge GRANT the motion to dismiss.

## BACKGROUND

This case arises from the Gurstel Defendants' attempts to collect a debt allegedly owed by Mr. Hendershot to American Express National Bank ("American Express"). As set forth in

---

[1] Pursuant to Local Rule DUCivR 7-1(f), the court finds oral argument unnecessary and makes its recommendation on the motion based on the parties' written memoranda.

[2] On May 5, 2020, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 19.) On May 14, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 20.)

1

the Complaint,[3] Mr. Hendershot "allegedly incurred financial obligations to the original creditor, American Express National Bank" around June of 2019.  (Compl. ¶ 19, Doc. No. 1.)  After receiving a monthly billing statement from American Express on August 15, 2019, Mr. Hendershot "became increasingly concerned that the proposed account information and balance was incorrect."  (*Id.* ¶ 20.)  Between September 2 and December 27, 2019, he sent four notices of dispute to American Express, which included a demand for validation.  (*Id.* ¶ 21; *see also* Ex. A to Compl., Notices of Dispute, Doc. No. 1-1.)  Mr. Hendershot received correspondence from a representative of American Express in response, but the dispute was not resolved.  (Compl. ¶ 22, Doc. No. 1.)

On November 16, 2019, Mr. Hendershot received a letter from the Gurstel Law Firm stating it had been retained to represent American Express to collect the balance owed on his account.  (*Id.* ¶ 23.)  Mr. Hendershot also continued to receive correspondence from American Express which did not indicate the Gurstel Defendants or any other counsel had been retained to pursue collection.  (*Id.* ¶ 24.)

On or around January 5, 2020, the Gurstel Defendants filed a debt collection action in Utah state court on behalf of American Express and against Mr. Hendershot.  (*See id.* ¶ 25; *see also* Ex. B to Compl., Summons and Complaint (*Am. Express Nat'l Bank v. Hendershot*, Utah Fourth District Court), Doc. No. 1-2.)  The complaint in that case contained the following statements which Mr. Hendershot alleges were "false, deceptive, or misleading":

---

[3] Mr. Hendershot attaches exhibits to his Complaint (Doc. Nos. 1-1 and 1-2), which the court considers in deciding a motion to dismiss.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits[.]").

2

1. "The defendant applied for credit from plaintiff, and plaintiff accepted defendant's application and issued its credit, with account number ending in \*\*\*\*-61009"; and

2. "Said invoices and/or statements of account were received by defendant, accepted and retained without objection being made to any item thereof within a reasonable period of time."

(Compl. ¶ 26, Doc. No. 1 (quoting Ex. B to Compl., Doc. No. 1-2 at 3–4).) The first statement was made in support of a breach of contract claim, and the second statement was made in support of an account-stated claim. (Ex. B to Compl., Doc. No. 1-2 at 3–4.)

Mr. Hendershot then filed this federal court action, claiming the Gurstel Defendants violated the FDCPA by "using false, deceptive, or misleading representation or means in connection with the collection of an alleged debt." (Compl. ¶ 28, Doc. No. 1.) Mr. Hendershot also alleges "Defendants' failure to properly validate the alleged debt as claimed by American Express prior to filing a state action demonstrates Defendants have no legal basis for filing a complaint against [him]." (*Id.* ¶ 29.)

## **LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 547). In reviewing a motion to dismiss, the court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because Mr. Hendershot proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## **DISCUSSION**

The Gurstel Defendants argue Mr. Hendershot's Complaint fails to state a claim for violation of the FDCPA. (Mot., Doc. No. 9 at 1.) Their motion addresses potential claims under 15 U.S.C. § 1692g, which requires a debt collector to provide validation of a debt upon request, and 15 U.S.C. § 1692e, which prohibits use of any "false, deceptive, or misleading representation" in collecting a debt. (Mot., Doc. No. 9 at 2–3.) The court examines each section in turn.

### A. Section 1692g

Under section 1692g of the FDCPA, "[i]f the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed," the debt collector must cease collection until it obtains verification of the debt and mails it to the consumer. 15 U.S.C. § 1692g(b).

The Gurstel Defendants argue Mr. Hendershot fails to state a claim under this section because he does not allege he sent them a request for validation. (Mot., Doc. No. 9 at 2–3.) In response, Mr. Hendershot explains he "did not assert or intend to assert any claim(s) under 15 U.S.C. § 1692g(b)." (Resp. in Opp'n to Defs.' Mot. to Dismiss ("Opp'n") ¶ 1, Doc. No. 12.)

Despite Mr. Hendershot's concession, the Complaint contains allegations regarding the Gurstel Defendants' failure to validate the debt. Specifically, it alleges the Gurstel Defendants' "failure to properly validate the alleged debt as claimed by American Express prior to filing a state action demonstrates Defendants have no legal basis for filing a complaint against [him]."

(Compl. ¶ 29, Doc. No. 1.) To the extent these allegations can be construed as a claim under section 1692g, they are insufficient to state a claim. As the Gurstel Defendants point out, Mr. Hendershot alleges he sent a notice of dispute to American Express, but not to the Gurstel Defendants. Thus, he fails to allege he notified the debt collector of the dispute as required to trigger the validation obligation under section 1692g.

Accordingly, the undersigned recommends the district judge GRANT the motion to dismiss with respect to any claim arising under section 1692g.

### B. Section 1692e

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This section provides a nonexclusive list of examples of conduct which violates this provision, three of which are referenced in Mr. Hendershot's Complaint:

> (2) The false representation of—(A) the character, amount or legal status of any debt;
> . . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Id.*

Courts use an objective "least sophisticated consumer" standard to determine whether a debt collector's representations were false, deceptive, or misleading. *Ferree v. Marianos*, 1997 U.S. App. LEXIS 30361, at *5 (10th Cir. Nov. 3, 1997) (unpublished); *see also Hudspeth v. Capital Mgmt. Servs., L.P.*, 2013 U.S. Dist. LEXIS 25260, at *9–11 (D. Colo. Feb. 25, 2013) (unpublished). "The FDCPA does not result in liability for every statement later alleged to be

inaccurate, no matter how small or ultimately harmless." *Maynard v. Bryan W. Cannon, P.C.*, 401 F. App'x 389, 397 (10th Cir. 2010) (unpublished). "Rather, an inaccuracy or error must be material—'capable of influencing the decision of the least sophisticated debtor.'" *Mayall v. Randall Firm, PLLC*, 2019 U.S. Dist. LEXIS 167148, at *13 (D. Utah Sept. 26, 2019) (unpublished) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)). The Tenth Circuit recognizes "the FDCPA applies to the litigating activities of lawyers, which . . . may include the service upon a debtor of a complaint to facilitate debt collection efforts." *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (internal quotation marks and citations omitted).

Here, Mr. Hendershot alleges the state-court complaint filed by the Gurstel Defendants contained two statements which were false, deceptive, or misleading in violation of section 1692e. (*See* Compl. ¶ 26, Doc. No. 1.) The Gurstel Defendants contend Mr. Hendershot's allegations are conclusory and insufficient to show the statements were false, and that any misrepresentation was not material. (Mot., Doc. No. 9 at 2–3; Reply Mem. in Support of Mot. to Dismiss ("Reply"), Doc. No. 13 at 1–5.) The court examines each statement in turn.

1. First Challenged Statement

First, Mr. Hendershot alleges the state-court complaint falsely stated "[t]he defendant applied for credit from plaintiff, and plaintiff accepted defendant's application and issued its credit, with account number ending in ****-61009." (Compl. ¶ 26, Doc. No. 1; *see also* Ex. B to Compl., Doc. No. 1-2 at 3.) However, the Complaint does not explain why this statement is false or misleading. Mr. Hendershot suggests in his opposition brief that the account number is wrong, (Opp'n ¶ 6, Doc. No. 12), but this allegation does not appear in the Complaint or the attached exhibits. Indeed, the "notices of dispute" attached to the Complaint as Exhibit A reference the same account number without stating it is incorrect. (*See* Ex. A. to Compl., Doc.

7

No. 1-1.) Mr. Hendershot's conclusory allegation that the statement is false does not give the Gurstel Defendants "fair notice" of the basis for his claim. *Twombly*, 550 U.S. at 555.

Moreover, Mr. Hendershot has not alleged sufficient facts to show any error in this first statement was material. Notably, Mr. Hendershot does not allege he did not have an account with American Express or that he was not issued credit by American Express. Even the least sophisticated consumer in Mr. Hendershot's position would have understood the state-court complaint concerned the same account which was the subject of his dispute with American Express. He does not explain how the statement at issue falsely represents the "character, amount, or legal status" of the debt. 15 U.S.C. § 1692e(2)(A). Thus, Mr. Hendershot fails to identify a material misrepresentation in the first statement sufficient to support a claim under 15 U.S.C. § 1692e.

For these reasons, Mr. Hendershot fails to state a claim for relief under 15 U.S.C. § 1692e based on the first challenged statement from the state-court complaint.

2. Second Challenged Statement

Next, Mr. Hendershot alleges the state-court complaint falsely stated "invoices and/or statements of account were received by defendant, accepted and retained without objection being made to any item thereof within a reasonable period of time." (Compl. ¶ 26, Doc. No. 1; *see also* Ex. B to Compl., Doc. No. 1-2 at 3.) The Complaint contains specific allegations explaining why this second statement is false: Mr. Hendershot alleges he "did in fact dispute the alleged debt and demanded validation," citing the notices of dispute he sent to American Express. (Compl. ¶ 31, Doc. No. 1; *see also* Ex. A to Compl., Doc. No. 1-2.) Unlike the conclusory allegations concerning the first statement, these allegations are sufficient to put the defendants on notice of the basis for Mr. Hendershot's claim that the statement is false.

The Gurstel Defendants contend this claim fails, however, because the second statement is not actually false. They argue it accurately represented that no objection was made "to any item" because Mr. Hendershot's notices of dispute "do not object to or dispute *any specific item* in any of the American Express account statements, nor do the Notices object to or dispute the account balance." (Reply, Doc. No. 13 at 3 (emphasis added).) But this is not a valid reading of the state-court complaint. Accepting Mr. Hendershot's allegations as true, the representation that Mr. Hendershot retained account statements "without objection being made to any item thereof" is, at minimum, misleading, where Mr. Hendershot alleges he sent multiple notices disputing the entire account statement. (*See* Compl. ¶ 21, Doc. No. 1; *see also* Ex. A to Compl., Notices of Dispute, Doc. No. 1-1.) Those notices explicitly stated he was disputing the account statement for the account ending in 61009 dated August 12, 2019. (Ex. A. to Compl., Doc. No. 1-1 at 2.) Thus, Mr. Hendershot has plausibly alleged the Gurstel Defendants used a "false, deceptive, or misleading representation" by suggesting he retained the account statement without objection.

However, the false statement must be also material to be actionable under the FDCPA. *Mayall*, 2019 U.S. Dist. LEXIS 167148, at *13. The Gurstel Defendants contend any misrepresentation was not material because Mr. Hendershot does not allege he was misled by it. (Reply, Doc. No. 13 at 4.) The relevant inquiry is whether the misrepresentation was "capable of influencing the decision of the least sophisticated debtor." *Mayall*, 2019 U.S. Dist. LEXIS 167148, at *13 (internal quotation marks omitted). Even the least sophisticated debtor in Mr. Hendershot's position would not have been misled by the false statement that no objection had been made, because Mr. Hendershot *himself* had submitted multiple notices of dispute to American Express. Thus, neither Mr. Hendershot nor an unsophisticated debtor in his position could have been misled by the second statement. *See Washington v. Roosen, Varchetti & Oliver,*

9

*PLLC*, 894 F. Supp. 2d 1015, 1023 (W.D. Mich. 2012) (finding false statement in state court complaint that debtors possessed a copy of the credit-card agreement was not material under the FDCPA because the debtors knew whether the statement was false and "[t]he least sophisticated consumer would not be mis[led] or deceived by the statement").

In his opposition brief, Mr. Hendershot asserts the misrepresentation was directed to the state court. (Opp'n ¶ 7, Doc. No. 12.) Although court complaints served on consumers are subject to the FDCPA, the Tenth Circuit has not directly addressed whether a false statement is actionable where it is misleading only to the court and not to the consumer. Thus, it is necessary to look to case law outside this circuit addressing this question.

In *O'Rourke v. Palisades Acquisition XVI, LLC*, the Seventh Circuit held the FDCPA "does not extend to communications that would confuse or mislead a state court judge." 635 F.3d 938, 944 (7th Cir. 2011). The court found the prohibitions in section 1692e, "when read in light of the [FDCPA's] purpose and numerous provisions, . . . are clearly limited to communications directed to the consumer and do not apply to state judges." *Id.* at 941. The court noted the purpose of the FDCPA is to protect consumers, and "to be actionable a misleading statement must have the ability to influence a *consumer's* decision." *Id.* at 942 (emphasis in original).

In *Hemmingsen v. Messerli & Kramer, P.A.*, the Eighth Circuit declined to adopt the position that "false statements not made directly to a consumer debtor are never actionable under § 1692e." 674 F.3d 814, 818 (8th Cir. 2012). The court stated, as an example, that "a § 1692e complaint alleging that the defendant debt collector lawyer routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted would raise . . .

10

issues of abusive, deceptive, or unfair means of debt collection." *Id.* However, the court affirmed dismissal of an FDCPA claim based on alleged false statements in a summary judgment pleading which "asserted nothing that [the debtor's] attorneys did not already know about [the debt collector's] legal position," the judge was not misled by the pleadings, and the debtor did not act in reliance upon the accuracy of the factual representations. *Id.* at 819.

In *Washington v. Roosen, Varchetti & Oliver, PLLC*, the court concluded false allegations in support of a fraud claim in a debt collection suit were actionable under the FDCPA. 894 F. Supp. 2d at 1024. The false statement at issue related to the intent of the debtor to repay the amounts borrowed. *Id.* Even though the debtors knew the allegations were false, the court found the creditor had no factual basis for the claim and found it "would be deceiving and misleading to the least sophisticated consumer, who would view the claim as more serious than a claim based on a failure to pay." *Id.* Thus, the court focused on whether the false statements would influence the decisions of the debtor, and not whether they would influence the court.

Even assuming false statements which are misleading only to a court might be actionable under the FDCPA in some rare circumstance, Mr. Hendershot's allegations are insufficient to support such a claim. Unlike the hypothetical scenario considered in *Hemmingsen*, Mr. Hendershot does not allege any widespread, deceptive scheme to file intentionally false debt collection claims in state court. Mr. Hendershot had an opportunity to contest the account-stated claim in state court, and he does not allege either he or the state court was actually misled by the alleged misrepresentations in the state court complaint. *See Hemmingsen*, 674 F.3d at 818–19. Moreover, unlike the fraud claims in *Washington*, the account-stated claim in this case is not a "more serious" claim likely to influence the decisions of an unsophisticated debtor. 894 F. Supp.

11

2d at 1024. Under these circumstances, Mr. Hendershot fails to state a claim under section 1692e based on alleged misrepresentations to the state court.

Finally, Mr. Hendershot argues the Gurstel Defendants' pursuit of the account-stated claim even though he had disputed the debt was a "threat to take . . . action that cannot legally be taken" in violation of section 1692e(5). (*See* Compl. ¶ 35, Doc. No. 1; Opp'n ¶¶ 17–18, Doc. No. 12.) However, the fact that a lawsuit may turn out ultimately to be unsuccessful does not, by itself, make the bringing of it an "action that cannot legally be taken." *Hemmingsen*, 674 F.3d at 820 (citing *Heintz v. Jenkins*, 514 U.S. 291, 295–96 (1995)). Even if certain allegations supporting the account-stated claim were inaccurate, that does not, on its own, render the filing of the claim unlawful—it simply means the Gurstel Defendants may not prevail. The Gurstel Defendants' pursuit of the account-stated claim does not violate section 1692e(5).

For these reasons, Mr. Hendershot's complaint fails to state a claim for relief under 15 U.S.C. § 1692e.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 9) and DISMISS Mr. Hendershot's Complaint (Doc. No. 1).

The court will send copies of this Report and Recommendation to all parties, who the court hereby notifies of their right to object to the same. *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within

fourteen (14) days of service thereof. 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of December, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge